**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS**

|  |  |
|---|---|
| DUSTIN CHALKER and ) <br> MILITARY RELIGIOUS FREEDOM FOUNDATION, ) <br> ) <br>         **Plaintiffs,** ) <br> ) <br> v. ) <br> ) <br> ROBERT GATES, SECRETARY, ) <br> UNITED STATES DEPARTMENT OF DEFENSE, ) <br> ) <br>         **Defendant.** ) <br> _____) | CIVIL ACTION <br> No. 08-2467-KHV |

**MEMORANDUM AND ORDER**

This matter is before the Court on plaintiffs' Motion To Alter Or Amend Judgment (Doc. #30) filed February 4, 2010. Plaintiffs assert that the Court misapprehended the facts of this case when it dismissed plaintiffs' complaint. See Memorandum And Order (Doc. #28) and Judgment (Doc. #29). More specifically, under Rule 59(e), Fed. R. Civ. P., plaintiffs contend that the Court committed manifest injustice because it misapprehended the facts which relate to the futility and inadequacy exceptions of the intra-military exhaustion rule. In so doing, plaintiffs offer Chalker's declaration testimony as an "amplification of the facts surrounding the facts already in the record." See Reply To Defendant's Opposition To Plaintiffs' Motion To Alter Or Amend Judgment (Doc. #32) filed February 25, 2010. For the reasons stated below, plaintiffs' motion is overruled.

**I. Legal Standards**

A court has discretion whether to grant a motion to reconsider. See Hancock v. City of Okla. City, 857 F.2d 1394, 1395 (10th Cir. 1988). A motion to reconsider is not a second opportunity for the losing party to make its strongest case, to rehash arguments or to dress up arguments that previously failed. See Voelkel v. Gen. Motors Corp., 846 F. Supp. 1482, 1483 (D. Kan. 1994), aff'd,

43 F.3d 1484 (10th Cir. 1994). Such motions are not appropriate if movants only want the Court to revisit issues already addressed or to hear new arguments or supporting facts that could have been presented originally. See Van Skiver v. United States, 952 F.2d 1241, 1243 (10th Cir. 1991), cert. denied, 506 U.S. 828 (1992). Reconsideration may be appropriate, however, if the Court has misapprehended the facts, a party's position or the controlling law. See Barber v. Colo. Dept. of Rev., 562 F.3d 1222, 1228 (10th Cir. 2009) (quoting Servants of Paraclete v. Does, 204 F.3d 1005, 1012 (10th Cir. 2000)). Thus, a proper motion to reconsider must demonstrate (1) an intervening change in the controlling law, (2) new evidence previously unavailable, or (3) the need to correct clear error or prevent manifest injustice. Servants, 204 F.3d at 1012.

**II.    Analysis**

Plaintiffs ask the Court to reconsider its order dismissing the case. Specifically, plaintiffs assert that the Court misapprehended the facts. They identify no legal or factual error, however, and present no newly discovered evidence in support of their claims. Rather, in an effort to "enhance" the dismissed claim, plaintiffs offer a declaration from Chalker which contains facts not previously presented to the Court. These "new" facts directly contradict allegations in the amended complaint. In undertaking this effort, plaintiffs apparently misconstrue the Court's observation about their pleading deficiencies as an invitation to provide additional evidence. See Doc. #28 at 12.

In his motion to dismiss, defendant presented affidavit testimony that Chalker did not file a request for religious accommodation or a complaint relating to three military events which included sectarian prayers. Defendant also presented affidavit testimony that Chalker did file a request – which was granted – on another occasion. In opposing defendant's motion, plaintiffs argued both that (1) Chalker had exhausted his intramilitary remedies and (2) exhaustion was futile and should

be excused. Plaintiffs' amended complaint identified three military events at which sectarian prayers were delivered and alleged that Chalker sought relief from attending them but the results were unsatisfactory. See Doc. #28 at 5. Plaintiffs also alleged that Chalker invoked an intra-army administrative process which yielded "no substantial relief." Id. Instead of refuting defendant's affidavit testimony, plaintiffs rested on the allegations in the amended complaint. The Court concluded that plaintiffs' allegations did not refute defendant's affidavit testimony and did not comply with Rule 12(b)(6).

Now, despite pleading exhaustion, Chalker's declaration concedes that he did not exhaust for the three events at issue. Plaintiffs assert that the Court should have excused as futile this failure to exhaust. Plaintiffs do not identify any facts which the Court allegedly misconstrued. The additional facts which they proffer through Chalker's declaration could have been presented both by amended complaint and in response to defendant's motion to dismiss. Indeed, plaintiffs concede that "the substance of [Chalker's] declaration is not new; it is instead offered to the Court as an amplification of the facts already in the record that the Plaintiff[s] assert[] were misapprehended by the Court." See Doc. #32 at 1.

As defendant correctly notes, under Rule 59(e) it is not appropriate to advance supporting facts which were otherwise available for presentation when the original motion was briefed. See Servants, 204 F.3d at 1012. The Court did not misconstrue facts – plaintiffs simply failed to present them. Accordingly, plaintiffs' motion to alter or amend is without merit and is overruled.

**IT IS THEREFORE ORDERED** that plaintiffs' Motion To Alter Or Amend Judgment (Doc. #30) filed February 4, 2010 be and hereby is **OVERRULED**.

Dated this 8th day of April, 2010 at Kansas City, Kansas.

s/ Kathryn H. Vratil
KATHRYN H. VRATIL
United States District Judge